## GERRISH *v.* CLOUGH.

Where a suit is brought by an assignee of a chose in action, in the name of his assignor, and judgment is rendered and execution issued in the name of the assignor, the levy upon real estate, by direction of the assignee, passes the title directly to him. The assignee is, under our statute, deemed to be the creditor, as to all persons having notice of his claim.

WRIT OF ENTRY, dated December 23, 1853. The plaintiff,

under the general issue, offered in evidence a deed of the land in controversy from one Calvin Gerrish, executed and delivered on the 6th day of February, 1852, and proved that said Calvin had been in possession thereof from about 1847 to the date of the deed.

The defendant sought to defeat said conveyance, by showing it fraudulent as to creditors, and that he, as a creditor of said Calvin, upon a debt which accrued before said conveyance, had attached said land, and gained title thereto, by the extent of two executions. He offered, in evidence of his title to one parcel of said land, copies of a judgment, execution and extent, in the usual form, in the name of Albert Ames against said Calvin Gerrish. The writ bears date of February 6, 1852, and the declaration is upon a promissory note, the amount of the judgment debt being $380.12. The extent was commenced on the 7th of October, 1853, and the officer made return that he had delivered seizin of the land to this defendant, Clough, administrator of Albert Ames, and Clough signed the receipt of seizin as administrator of Ames. To the remainder of the land the defendant offered, in evidence of his title, copies of a judgment, execution and extent, in the usual form, in the name of Fisher Ames against Calvin Gerrish. This writ also bears date of February 6, 1852, and the declaration is upon a promissory note, the judgment debt being $370.11. Said extent was completed on said 7th of October, 1853, and the officer made return that he had delivered seizin of said land to said David M. Clough, agent for said creditor, and said Clough signed the receipt of seizin, " D. M. Clough, agent for said creditor, and assignee of said claim." Said defendant was appointed administrator of Albert Ames on the 28th of September, 1852. He proved the execution of an assignment to himself, by said Albert Ames and Fisher Ames, under seal, of " certain debts due to us from Calvin Gerrish, of said Fisherville, for goods sold and delivered, amounting in all to the sum of eighteen hundred dollars, in default of payment of which the goods and property of said Gerrish has been attached, and suits commenced in our names, which suits

said Clough has full power to prosecute to final judgment, collect and discharge, or dispose of the same in our names, at his pleasure, at his own expense and risk."

The defendant proposed to show by the record that no other actions, either joint or several, except the two actions upon which the above described executions issued, were pending in said county, between Albert or Fisher Ames and said Calvin Gerrish.

The defendant proved that immediately after the commencement of the two actions aforesaid, Albert Ames v. Calvin Gerrish, and Fisher Ames v. Calvin Gerrish, and between the 10th and 15th of February, 1852, he notified the plaintiff and said Calvin Gerrish that said actions had been assigned to him.

The court directed a verdict for the plaintiff, because the defendant had no competent evidence of title ; to which direction the defendant excepts, and moves for a new trial.

*Pike & Barnard*, for the defendant.

The only question raised by this case is, if the evidence of the defendant's title to the premises in controversy is sufficient to defeat the plaintiff's action.

1. The assignment proved by the defendant transferred to him the two actions, Albert Ames v. Calvin Gerrish, and Fisher Ames v. Calvin Gerrish, pending in court at the time of its execution. There were no other suits pending between those parties to which it could apply. Such was the understanding of the parties, which was communicated to the plaintiff within a few days after the commencement of the action. The assignment is not of a joint action, because the words, " debts" and suits, are used, and the assignors are named and sign as individuals, and not as partners. As no other suits existed, the assignment must be regarded as a transfer of any and all suits then pending, commenced by the Ameses, or either of them, against C. Gerrish, and should have that construction. The case, then, is that of an assignee of a chose in action, who seeks to

hold in his own name land set off to satisfy an execution issued in the suit, and upon the debts assigned to him.

2. The defendant was the creditor, within the meaning of our statute (Rev. Stat., chap. 195) regulating levies on real estate. The statute uses the word *creditor*, and not *plaintiff*, and, following the analogy of the law in other cases, the term *creditor* must mean not only the person with whom the debt is contracted, but any one holding his right; subject, of course, to such rules as may be deemed proper with respect to notice of the assignment. Courts of law seem to recognize this construction, by protecting the rights of assignees, both of debts and choses in action. See *Lyford* v. *Dunn*, 32 N. H. 81, and cases there cited; *Thompson* v. *Emery*, 28 N. H. (8 Foster) 269, and cases cited; *Martin* v. *Hawks*, 15 Johns. 405; *Anderson* v. *Van Allen*, 12 Johns. 343; *Briggs* v. *Dow*, 19 Johns. 95; *Jones* v. *Witter*, 13 Mass. 304; *Perkins* v. *Parker*, 1 Mass. 117; *Boylston* v. *Green*, 8 Mass. 466.

3. The proceedings of the defendant were sufficient to protect his interest in the land set off. In *Lyford* v. *Dunn*, before cited, one point decided is, that if, pending a suit for the recovery of a debt, the debt and suit are assigned, and the assignment put on file in the action, the assignee is to be regarded as the creditor, to whom the execution is to be paid and satisfied, and levy of execution and delivery of seizin are properly made to him.

The case finds that the suits in favor of the Ameses respectively were assigned to the defendant; that the debt in each of those suits was a promissory note, which it would seem was given for goods sold and delivered, so that the *debt* and *suits* were assigned. Instead of the assignment being put on file, the plaintiff in this suit, and the debtor in the other suits, were notified of the assignment, which we think must be an equivalent, as the object would seem to be to give the parties interested notice.

If the assignee is to be regarded as the creditor, then he was entitled to have the execution levied upon the land, in accord-

ance with the statute regulating that subject, which the case finds was properly done.

The defendant was assignee of both suits against Calvin Gerrish, and the case finds that seizin of the land set off in both cases was delivered to him. In one of them he received seizin as administrator of the creditor and assignee of the claim, and in the other as agent of the assignor and assignee of the claim. Whether he received seizin in his own name as assignee, or as administrator of the assignor, is immaterial, as either would be sufficient to make that part of his title, and give him possession under it. See on this point *Gove* v. *Bazin*, 3 Mass. 523 ; *Bartlett* v. *Perkins*, 13 Maine 90 ; and comments on these cases by *Perley*, C. J., in 32 N. H. 85.

If this view of the subject is not correct, what is the protection, which, by numerous decisions in almost every State in the Union, is given by courts of law to an assignee's interest in a debt, or chose in action ? The protection, if it is worth any thing, must continue until the assignee receives the full benefit of the debt assigned. It is but the name of justice, without the substance, to protect an assignee against the release, or any act of the assignor, while the assigned debt is in suit, and until judgment rendered ; but, when a levy is made upon the debtor's estate, which may be the only satisfaction to be obtained, to consider his title thereto acquired by the levy as insufficient, in a suit where the land itself is in controversy.

*Bartlett*, and *H. A. Bellows*, for the plaintiff.

BELL, J. In giving a construction to a written instrument, the court take into consideration the situation and circumstances of the parties and of the subject of the controversy. In relation to these, extrinsic evidence is properly admissible. *Webster* v. *Atkinson*, 4 N. H. 21. If, upon comparing the language of the deed with the surrounding circumstances, there is no doubt of the intention of the parties as to the property to be conveyed, any particulars of the description, which appear inconsistent

with that intention, are merely disregarded. *Harvey* v. *Mitchell*, 31 N. H. (11 Foster) 575. Here the first impression upon reading the assignment might be, that the debts described were debts due to the two assignors jointly ; that they were claims for goods sold and delivered, and of a larger amount than the notes in question ; but when it appears by the evidence that the assignors had no joint claim, or joint action, nor any several claims or suits, except those now claimed by the defendant, it cannot be doubted that these were the claims intended. If the assignment is not so understood, it must be held entirely inoperative, a conclusion against which the law leans very strongly. 2 Black. Com. 379 ; Touch. 83, 87 ; *Cocheco M. F. Co.* v. *Whittier*, 10 N. H. 305.

Notice was very early given to the plaintiff, of the assignment of these actions — a circumstance which shows the understanding of the defendant as to the claims intended to be assigned.

In equity, the assignee of a chose in action, not assignable at law, was always regarded as the owner; 2 Story's Eq. Jur. 304, 5 ; and courts of law have for a long time protected the equitable rights of such assignees. The assignor is not permitted to control the action, necessarily brought in his name to enforce the claim, and his discharge would not be regarded at law. *Sanborn* v. *Little*, 3 N. H. 539 ; *Dunklee* v. *Steam Mill Co.*, 23 N. H. (3 Foster) 245 ; *Thompson* v. *Emery*, 27 N. H. (7 Foster) 269. In such case the court may order the release to be given up, and on motion will set aside the plea of release, on the ground that the nominal plaintiff, having no interest in the suit, his release is a fraud upon those who have ; and the defendants, knowing this, could not be permitted to obtain and plead a release from one who was not the actual party. *Webb* v. *Steele*, 13 N. H. 239. The same principle of equity would require the court to hold that it was equally a fraud in any subsequent action for any person to attempt to set up a claim or defence, inconsistent with the equitable rights of the assignee. Such in this case would be the attempt on the part of a grantee, whose deed was fraudulent as against the creditors of the grantor, to set up such

fraudulent conveyance against the creditor's assignee, on the ground that perhaps in strictness he had not the legal title.

Any doubt which might be supposed to exist on this subject, is, however, effectually removed by section 14 of chapter 196 of the Revised Statutes, which provides that " the person having the estate or right of the creditor, purchaser or debtor, in any real estate taken in execution, shall be deemed to be, and shall have the rights, privileges and remedies in all cases of the creditor, purchaser or debtor, as to all persons having notice of his right; and no act done by or to the original creditor, purchaser or debtor, shall thenceforth be of any validity."

Effect cannot be given to this statute, so as to give to the assignee of the original creditor " the rights, privileges and remedies in all cases" of such creditor, in any other way than by holding that such a levy passes to such assignee the legal title, as to all persons cognizant of his interest.

Such was evidently the opinion of the court in *Baker* v. *Davis*, 22 N. H. (2 Foster) 27, where it was held that an officer cannot justify making a levy on the real estate of the debtor, in pursuance of the directions of one of the creditors, who was known to him to have assigned all his interest in the judgment to the other creditor, who had directed a levy to be made on personal property; and in the case of *Lyford* v. *Dunn*, 32 N. H. 81, in which it was held that where a debt and the suit upon it were assigned, and the assignment was put on file in the action, the assignee is to be regarded as the creditor to whom the execution is to be paid and satisfied, and the levy of the execution and delivery of seizin are to be made to him. Placing the assignment on file in the action is not otherwise material, than as it is a notice of the assignment, and the notice given in this case must be equally effectual. The ruling of the court below being erroneous, there must be

*A new trial granted.*